UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OSVALDO ALFONSO,

    Plaintiff,

vs.

    Case No. 5:21-cv-13-MMH-PRL

CITY OF SUNRISE FLORIDA
RESOURCE CENTER, LLC and
MARGARET ADCOCK,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. On January 11, 2021, Plaintiff initiated this action by filing a form document titled "Criminal Complaint" (Doc. 1; Complaint). The Court struck the Complaint on January 19, 2021, due to a number of procedural defects. See Order (Doc. 2). Among other things, the Court explained that Plaintiff, as a private citizen, is not permitted to initiate a criminal case in federal court. See id. at 1. The Court directed Plaintiff to file an amended complaint correcting the deficiencies identified in the Order and instructed that with the filing, Plaintiff must pay the filing fee or move to proceed in forma pauperis. Id. at 2. The Court

cautioned Plaintiff that "[f]ailure to do so will result in the dismissal of this matter without further notice."  Id.

On January 29, 2021, Plaintiff filed an amended version of his "Criminal Complaint" (Doc. 4; Amended Complaint).  Contrary to the Court's directives, Plaintiff failed to pay the filing fee or move to proceed in forma pauperis.  In addition, despite the Court's prior admonitions, Plaintiff again utilizes the form of a criminal complaint such that it appears he is still attempting to initiate a criminal prosecution.  See generally Amended Complaint.  As previously explained, "private parties cannot bring criminal actions – only civil."  See Order (Doc. 2) at 1 (citing Williams v. Univ. of Ala. Hosp. at Birmingham, 353 F. App'x 397, 398 (11th Cir. 2009) ("The government, not private citizens, prosecutes crimes.") and Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also In re Osterhout, MC420-010, 2020 WL 7517016, at *1 (S.D. Ga. Nov. 25, 2020) ("Private citizens are simply not permitted to initiate criminal actions in federal court." (collecting cases)) adopted by 2020 WL 7490405, at *1 (S.D. Ga. Dec. 18, 2020).  Because it appears Plaintiff is impermissibly attempting to initiate a criminal prosecution, and because he failed to comply with the Court's January 19, 2021 Order, this matter is due to be dismissed without prejudice.[1]  In light of the foregoing, it is

---

[1] The Court notes that the Amended Complaint does contain references to the ADEA and "Article 14 of the U.S. Constitution."  See Amended Complaint at 1.  While violations of the

**ORDERED:**

1. Plaintiff's Criminal Complaint (Doc. 4) is **DISMISSED without prejudice**.

2. The Clerk of the Court is directed to terminate any deadlines or pending motions as moot and close the file.

**DONE AND ORDERED** in Chambers this 3rd day of February, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Pro Se Party

---

ADEA and the 14th Amendment can give rise to a civil action, the allegations in the Amended Complaint are simply too conclusory and vague for the Court to discern whether Plaintiff can, or is even attempting to, state a cause of action under those provisions. Regardless, to commence a civil action in federal court, Plaintiff must file a proper civil complaint in accordance with Rules 3, 8, and 10 of the Federal Rules of Civil Procedure.